No. 207.—AMANDA J. SPIRES, Wife, *v.* D. S. McKELVY, her Husband—JOHN CHAFFE & BRO., Intervenors.

A judgment of separation of property between the husband and wife is void if not followed by a *bona fide* execution thereof, either by payment so far as the husband's estate can meet her demands, which must appear by authentic act, or by an uninterrupted suit to enforce payment.

If the wife has obtained judgment of separation of property from her husband, which has become void on account of non-execution thereof, she is at liberty to disregard it entirely and commence proceedings for a separation *de novo*. 6 An. 213.

APPEAL from the Fourteenth Judicial District Court, parish of Richland. *Ray*, J. *Wells & Williams*, for plaintiff and appellee. *H. W. Drake*, for intervenors, appellants.

HOWELL, J. In June, 1870, the plaintiff instituted this suit to dissolve the community between herself and her husband and to recover, with mortgage, the sum of $1500 (less $380 paid on account), proceeds of cotton sold by him, stating, in her petition, that in April, 1868, she

obtained judgment against him for a separation of property and the whole of said amount claimed herein; "but" (in the words of the petition) "being uninstructed as to her duty she did not have the same published, nor did she have execution issued until said judgment had become a nullity; hence she brings this suit *de novo*, showing that she has preserved her mortgage rights and is entitled to have them enforced."

The answer is a general denial. John Chaffe & Bro., mortgage-creditors of the husband, intervened to oppose plaintiff's demand, charging the suit to be fraudulent and collusive; setting up the plea of *res judicata* as between plaintiff and defendant, and denying that plaintiff has any cause of action against her husband.

On the trial plaintiff introduced in evidence the judgment obtained by her in April, 1868, awarding her a separation of property and the sum of $1500, with five per cent. interest from twentieth January, 1868, and mortgage to date from first of April, 1866. This judgment was recorded on the eighth November, 1869. She also introduced the following agreement:

"It is agreed by the counsel for the plaintiff and intervenors in the above case, that the amount claimed by the plaintiff from McKelvy, her husband, is for cotton, which McKelvy used and which formed part of the succession of John Stout, former husband of plaintiff, and which was gathered on said Stout's place in the fall, after his death in the summer of 1862, his wife, the plaintiff herein, having a community interest in said cotton and being administratrix for John Stout's estate at the time the cotton was gathered. It is further admitted that McKelvy received and used said cotton in April, 1866."

The defendant is shown to be embarrassed with debt.

Judgment was rendered in favor of plaintiff, dissolving the community and for $1120, with interest from date of filing petition, and mortgage on defendant's property to date from first May, 1866, and dismissing the intervention; from which judgment intervenors appealed.

The plea of *res judicata*, if sustained, would leave plaintiff with a good and valid judgment of separation of property and for the sum adjudged to her, with all her mortgage rights upon her husband's property, to date from first April, 1866, which would be more effective, probably, against the intervenors than the one sought in this suit. However this may be, the plea does not seem to be well made. In the case of Dawson *v.* Creditors, 6 An. 213, the court recognized the right of a wife to disregard a judgment, previously obtained, but not published and executed, and to sue *de novo*, on the principle that said judgment was a nullity. It seems to be well settled that a decree of separation, whatever its terms, does not separate the parties in prop-

·erty. It entitles the wife to a separation, but will be without effect, ·even between the parties, if not followed by a *bona fide* execution ·either by payment of her claims, so far as the husband's estate can meet them, made to appear by authentic act, or by a non-interrupted .suit to obtain payment.

Upon the merits, the judgment does not seem to be fully sustained. From the statement of facts, agreed to by counsel, it seems that the ·cotton, sold by defendant for his own benefit, belonged to the succession of a former husband of plaintiff and administered by her. It does not appear that this succession had been settled and all the property vested in plaintiff. The most that can be presumed in her favor is that one-half of the community belonged to her and not that one particular piece of property or the half of any particular sum belonged to her.

Considering the somewhat irregular pleadings and management of this case, we think justice requires it to be remanded to enable the parties to establish their rights with more certainty.

It is therefore ordered that the judgment appealed from be reversed and this cause remanded to be proceeded with in accordance to law, plaintiff and appellee to pay costs of appeal.